UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUNE WRIGHT,

        Plaintiff,

v.                  DECISION AND ORDER

TARGET CORP.,           19-CV-6556-FPG-MWP

        Defendant.

---

## INTRODUCTION

On March 4, 2017, Plaintiff June Wright slipped and fell while at Defendant Target Corporation's retail store located on Greece Ridge Drive in Greece, New York. Plaintiff filed suit in the Supreme Court of the State of New York, County of Monroe, on March 13, 2019, alleging that she was injured due to Defendant's negligence in causing, creating, or permitting a dangerous condition within its premises. ECF No. 17-4 ("Compl.") ¶¶ 12-14. Defendant removed the action to this Court. *See generally* ECF No. 1.[1]

Presently before the Court is Defendant's motion for summary judgment filed on December 3, 2021. ECF No. 17. Defendant asserts that "there is absolutely no evidence that Target created a hazardous condition nor that it otherwise had actual or constructive notice of a dangerous condition that it subsequently failed to correct." ECF No. 17-2 ("Def. Mem. of Law") at 5. Plaintiff opposed the motion for summary judgment. *See generally* ECF No. 19-2 ("Pl. Mem. of Law"). Defendants filed a reply. ECF No. 20. For the reasons stated below, Defendant's motion is GRANTED, and Plaintiff's Complaint is DISMISSED.

---

[1] The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Defendant is incorporated in Minnesota and Plaintiff is a New York domiciliary. ECF No. 1 at 2. The incident occurred in New York State and New York law therefore governs. *See Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999) (forum state's law governs); *Padula v. Lilam Props. Corp.*, 84 N.Y.2d 519, 521 (1994) (in tort cases, such as this one, New York courts apply the law of the forum with the most at stake).

1

## BACKGROUND[2]

On March 4, 2017, Plaintiff June Wright went to Target and, upon entering and walking four steps, slipped and fell on a metal grate "just inside the automatic doors."[3] ECF No. 17-1 ("Def. R. 56 Stmt.") ¶¶ 1-2. Plaintiff did not see any water on the floor until after she fell.[4] *Id*. ¶ 6. Plaintiff noticed after falling that her coat and slacks were wet. *Id*. ¶ 6; ECF No. 19-1 at 1-4 ("Pl. R. 56 Stmt.") ¶ 6. Plaintiff admitted she had no idea where the water came from or for how long it was on the floor before she allegedly slipped and fell on it. Def. R. 56 Stmt. ¶ 8. Emergency services took Plaintiff to a nearby hospital after her fall. ECF No. 17-7 ("Pl. Dep.") 54:17-22. Plaintiff later learned she had a broken femur that required surgery. Pl. Dep. 56:2-11.

Several Target employees were involved with Plaintiff's fall and incident reports concerning it. Before Plaintiff's fall, an employee placed a "[c]aution wet floor" cone in the vicinity of where Plaintiff fell. Pl. R. 56 Stmt. ¶ 21. Another employee indicated that they inspected the metal grate at 8 a.m. that morning prior to the store opening. *Id*. ¶ 24; Def. R. 56 Stmt. ¶ 10.

---

[2] Unless otherwise noted, the facts set forth are not in dispute.

[3] There is some dispute between the L. R. Civ. P. 56 statements about the timing of Plaintiff's fall. *Compare* Def. R. 56 Stmt. ¶¶ 3, 5 *with* Pl. R. 56 Stmt. ¶ 13. Even when considering the accident's timing in the light most favorable to the Plaintiff, however, because Plaintiff fails to put forward evidence of actual or constructive notice summary judgment remains appropriate.

[4] There is some dispute between the L. R. Civ. P. 56 statements about whether Plaintiff observed water after her fall. *Compare* Def. R. 56 Stmt. ¶ 6 *with* ECF No. 19-1 at 4-5 ("Pl. Resp. to Def. R. 56 Stmt.") ¶ 4. While it appears that during her deposition Plaintiff clarified that she assumed there was water on the floor where she fell because she was wet after her fall, she initially indicated that "[a]fter I was down I saw it [sic] wet." Pl.'s Dep. 42:5-43:11.

For the reasons stated in analyzing constructive notice below, however, the Court determines that even if Plaintiff observed wetness or water on the floor after her fall, because Plaintiff fails to demonstrate that the "the condition [was] . . . apparent, and in existence for a sufficient length of time prior to the incident," this dispute is immaterial. *See Alger v. Von Maur*, No. 19-cv-6698-FPG-MWP, 2021 WL 1966773, at *4 (W.D.N.Y. May 17, 2021) ("It is clear that constructive notice requires the condition to be visible, apparent, and in existence for a sufficient length of time *prior* to the incident, such that Defendant had an opportunity to discovery and remedy it before Plaintiff's accident.") (emphasis in original) (citing *Henry v. Target Corp.*, No. 16-CV-8416, 2018 WL 3559084, at *5 (S.D.N.Y. July 24, 2018)). Accordingly, the Court will disregard it. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

After Plaintiff fell, Target employees examined the area where she fell and "confirmed by sight and touch that the ground was clean and dry." Def. R. 56 Stmt. ¶ 9. One employee took several photos of the area where Plaintiff fell. ECF No. 17-13 at 1-3.. There is no liquid or wetness visible in the photos. *Id*.

## LEGAL STANDARD

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 247-48 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original). While the court must view the inferences to be drawn from the facts in the light most favorable to the nonmoving party, *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005), a party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal quotation omitted). The non-moving party may defeat a summary judgment motion only by making a showing sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 322.

## DISCUSSION

I.  **Defendant's Motion for Summary Judgment**

Defendant moves for summary judgment on the ground that there is no evidence that Defendant created or had actual or constructive notice of a hazardous condition that it failed to correct. *See generally* ECF No. 17. Specifically, Defendant argues that there is no evidence that

3

Defendant created or had actual notice of the alleged dangerous condition. Def. Mem. of Law at 9-10. Defendant further asserts that there is no evidence that Defendant had constructive notice of the alleged dangerous condition. *Id.* at 10-13.

## II.     Applicable Law

Plaintiffs in New York State must show the following to establish a *prima facie* negligence claim: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Borley v. United States*, 22 F.4th 75, 76 (2d Cir. 2021) (quoting *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981)). There is no doubt that Defendant owed Plaintiff a duty "to show due care to customers by 'maintain[ing] its premises in a reasonably safe condition.'" *Id.* (quoting *Kellman v. 45 Tiemann Assocs., Inc.*, 87 N.Y.2d 871, 872 (1995)). But, to prevail on her claim, Plaintiff "must show that" Defendant "either created the dangerous condition or had actual or constructive notice of the condition and its dangerousness." *Id.*

Plaintiff can demonstrate actual notice if Defendant "created the condition or received reports of it such that it is actually aware of the existence of the particular condition that caused the fall." *Leandro v. Wal-Mart Supercenter Store #2104*, No. 19 CIV. 2108 (JCM), 2021 WL 2742622, at *7 (S.D.N.Y. June 30, 2021) (quoting *Cousin v. White Castle Sys., Inc.*, No. 06-CV-6335JMA, 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009)); *see also Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) ("Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition."). Alternatively, Plaintiff can demonstrate constructive notice if the "defect [was] visible and apparent" and "exist[ed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon v. Am. Museum of Nat. Hist.*, 67 N.Y.2d 836, 837

(1986). For the reasons discussed, Plaintiff fails to provide evidence of either actual or constructive notice, and summary judgment is appropriate.

### III.     Analysis

#### A.     Creation of the Condition and Actual Notice

As a threshold matter, Defendant satisfied its burden under Fed. R. Civ. P. 56 by pointing to the lack of evidence supporting the essential elements of Plaintiff's claim. Despite Plaintiff's assertions,[5] Fed. R. Civ. P. 56 does not require Defendant to put forward evidence demonstrating its lack of notice. *Alger v. Von Maur, Inc.*, No. 19-CV-6698 FPG, 2021 WL 1966773, at *3 (W.D.N.Y. 2021) ("While New York's summary judgment standard indeed requires the moving party to put forth evidence in support of its motion, the federal standard does not."). Plaintiff conflates New York and federal procedural law: "the respective burdens that the parties bear in a summary judgment motion are procedural rather than substantive and are thus subject to federal rather than state law." *Doona v. OneSource Holdings, Inc.*, 680 F. Supp. 2d 394, 396-97 (E.D.N.Y. 2010). Accordingly, Defendant need not provide evidence of its lack of actual notice and has met its burden under Fed. R. Civ. P. 56.

Instead, since Defendant can establish "an absence of evidence" concerning actual notice and creation of the condition, Defendant satisfies the requirements under Fed. R. Civ. P. 56 for summary judgment. *Brady v. Town of Colchester*, 863 F.2d 205, 210-11 (2d Cir. 1988) (discussing *Celotex Corp.*, 477 U.S. at 322-26) ("In *Celotex*, the Supreme Court made it clear that in cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an

---

[5] For example, Plaintiff asserts that Defendant must put forth evidence showing "that [Defendant] did not create the dangerous condition" or have "actual notice of the dangerous condition" or "constructive notice of the dangerous condition." Pl. Mem. of Law at 1.

essential element of the nonmoving party's claim."). Put differently, Plaintiff cannot meet her "burden . . . to present evidence from which a reasonable jury could draw the inference that Defendant created [or had actual notice of] the hazardous condition." *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 319 (E.D.N.Y. 2014).

Here, Plaintiff has failed to raise a triable issue of fact concerning whether Defendant created or had actual knowledge of the allegedly wet floor. There is no indication in the record that an employee created the alleged hazard or observed wetness or liquid on the floor before the incident. Nor is there any proof or indication that another customer complained of a wet spot in the area prior to Plaintiff's fall or that an employee observed any wet spot prior to Plaintiff's fall. Plaintiff's own testimony accords: when asked if she saw any water on the floor before her fall, Plaintiff stated that she did not, although she stated "[i]f it was on me, I'm assuming that it had to be on the floor." Pl. Dep. 43:3-11.

Despite Plaintiff's argument that a nearby "caution wet floor" cone indicated Defendant's actual notice, there is no evidence that Defendant actually knew about the alleged wet spot by virtue of creating it, receiving complaints about it, or seeing it. *See Bogery v. United States*, No. 17-CV-6996, 2018 WL 4265901, at *4 (S.D.N.Y. Sept. 6, 2018) (although an employee placed a wet floor sign near the area of the alleged wet spot, because this was a matter of protocol for inclement weather, it did not provide evidence of actual notice). When deposed by Plaintiff's counsel, the store's manager indicated that "any time we have a snowstorm" wet floor cones "are put right on a tile right after—where the carpeted area is in front of my store. They were present that day." ECF No. 17-8 ("Scanlon Depo.") 44:9-12. Thus, Plaintiff's argument that "Target had actual notice of the wet and slippery conditions" because an employee "placed one cone which stated 'caution wet floor,'" ECF No. 19 at 4-8 ("Hedges Decl.") ¶ 10, is "insufficient to establish

actual notice." *Alger*, 2021 WL 1966773, at *4 (citing *Rivera v. Target Dep't Store, Inc.*, No. 15 Civ. 7846 (HBP), 2017 WL 2709745, at *5 (S.D.N.Y. June 22, 2017)). For the reasons stated, the Court finds that Plaintiff has not established actual notice or creation of the condition.

### B.   Constructive Notice

For the Court to find that Defendant had constructive notice, there must be evidence that the condition was "visible and apparent and . . . existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Tuthill v. United States*, 270 F. Supp. 2d 395, 400 (S.D.N.Y. 2003) (citing *Gordon*, 67 N.Y.2d at 837). Where, as here, "a plaintiff alleging negligence in the context of a slip and fall based on constructive notice cannot show facts sufficient to prove that a visible hazard existed for an appreciable amount of time, [the] defendant is entitled to summary judgment." *Gallagher v. Target Corp.*, No. 1:19-CV-38 JLS (MJR), 2020 WL 4741096, at *4 (W.D.N.Y. July 9, 2020).

Concerning whether the condition was "visible and apparent," Plaintiff provides no evidence that the floor where Plaintiff fell was wet before Plaintiff's fall. *See Monroe v. United States*, 415 F. Supp. 3d 315, 318 (E.D.N.Y. 2019) (evidence of water after Plaintiff's slip-and-fall held insufficient to establish the existence of a hazardous condition). As discussed,[6] Plaintiff provides purported evidence of water or wetness after her fall. This is insufficient, however, to show the condition was "visible and apparent" *before* her fall, which is the "legally meaningful time to notice a defective condition." *Henry*, 2018 WL 3559084, at *5; *see also Melanson-Olimpio v. Wal-Mart Stores E., LP*, No. 16 CIV. 8735 (NSR), 2019 WL 1060625, at *5 (S.D.N.Y. Mar. 6, 2019) ("Observations after an accident occurs are not evidence that a condition was visible and apparent prior to the accident."). No other witnesses indicated any wetness or water at the spot

---

[6] *Supra*, note 3.

where Plaintiff fell. Instead, all of the employees who examined the area found it to be dry. ECF No. 17-11 at 1-3. For these reasons, Plaintiff fails to satisfy the "visible and apparent" prong of constructive notice. *Cf. Borley*, 22 F.4th at 80-81 (distinguishing New York courts' treatment of slip-and-fall cases and those involving "outright obstructions or tangible furnishings protruding from the ground").

Even assuming Plaintiff did provide evidence that the condition was "visible and apparent" before her fall, she has not provided evidence that it existed for enough time for the Defendant to have notice. *See Castellanos v. Target Dep't Stores, Inc.*, No. 12 Civ. 2775(GWG), 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) ("[T]he plaintiff must prove not simply that the defendant was generally aware of the existence of the dangerous condition, but that the defendant had notice of the particular condition at issue.") (internal quotation omitted). Given that, "a reasonable jury could not conclude that [the dangerous condition] had been on the floor for enough time before the accident to permit Defendant's employees to discover and remedy it." *Melanson-Olimpio*, 2019 WL 1060625, at *6. Summary judgment is therefore warranted because there is "no evidence establishing a time frame" for the allegedly dangerous condition. *Lionel*, 44 F. Supp. 3d at 323.

For the reasons stated, "a verdict in plaintiff's favor, based solely on this record, would constitute speculation, rather than a finding of fact." *Lacey v. Target Corp.*, No. 13 CV 4098 RML, 2015 WL 2254968, at *5 (E.D.N.Y. May 13, 2015). Plaintiff has failed to raise a genuine issue of material fact regarding the length of time the substance was on the ground, and summary judgment is warranted. Plaintiff's arguments to the contrary, moreover, are unavailing.

Plaintiff argues that "actual or constructive notice is irrelevant where defendant had," and failed, "to conduct reasonable inspections of the premises." Pl. Mem. of Law at 2. Even assuming Defendant failed to perform a reasonable inspection, "[P]laintiff has not shown that a reasonable

8

inspection would have discovered the condition," because Plaintiff cannot establish "the length of time that the condition was there to be discovered." *Lacey*, 2015 WL 2254968 at *6. As discussed, Plaintiff has advanced no evidence of how long the alleged dangerous condition existed.[7] And, as Plaintiff stated, she did not see any liquid before she fell. Pl. Depo. 43:3-11; *see Lionel*, 44 F. Supp. 3d at 323 (granting summary judgment where defendant failed to provide "evidence establishing a time frame for how long the [dangerous condition] could have been on the floor") (alteration in original).

Even construing all the evidence in the light most favorable to the Plaintiff, the evidence demonstrates, at best, that Defendant was generally aware of the weather conditions on the day Plaintiff fell, taking the measure of placing a "wet floor" cone in the vicinity. There is no evidence that, prior to Plaintiff's accident, Defendant or any of its employees saw, or were made aware of, the condition in the specific location where Plaintiff fell. While Plaintiff may have slipped on a liquid, given that she fell and found herself soaked when she got up, there is nothing from which the Court can reasonably infer that Defendant was aware of the condition prior to the accident or that Defendant was aware of the condition with sufficient time to remedy it. Thus, Defendant is entitled to summary judgment under Fed. R. Civ. P. 56.

## CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgment, ECF No. 17, is GRANTED. Plaintiff's Complaint is DISMISSED with prejudice. The Clerk of Court is directed to enter judgment and close this case.

---

[7] Instead, Plaintiff asserts that "[t]he Fourth Department has held in definite terms that there is a duty owed to conduct reasonable inspections to satisfy the burden that there was no constructive notice of a condition." Pl. Mem. of Law at 3. Plaintiff concludes that here, "Defendants have likewise failed to meet their burden in the first instance on the issues of actual notice and constructive notice." *Id*. at 4. As discussed, "[w]hile New York's summary judgment standard indeed requires the moving party to put forth evidence in support of its motion, the federal standard does not." *Alger*, 2021 WL 1966773, at *3.

IT IS SO ORDERED.

Dated: April 8, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York